UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIRAMAR INVESTMENT, LLC, a Florida limited
liability company, PORTER DHM, LLC, a Florida
limited liability company, DAVID HOWELL,
individually,

                Plaintiff,

-vs-                                          Case No.   2:12-cv-106-FtM-99SPC

PREFERRED INCOME PARTNERS IV, LLC, a
Delaware limited liability company,

                Defendant.
_____

## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant's Motion to Transfer Venue under Forum Selection Clause and Incorporated Memorandum of Law (Doc. # 8) filed on March 8, 2012. Plaintiffs filed their Memorandum in Opposition to Preferred Income Partners IV, LLC's Motion to Transfer Venue under Forum Selection Clause (Doc. # 12) on March 22, 2012. In response, Defendant filed its Reply to Plaintiff's Memorandum in Opposition to Motion to Transfer Venue (Doc. # 15) on March 29, 2012. This motion is now ripe for review.

*Background*

Plaintiffs are two Florida limited liability companies (Miramar Investment, LLC and Porter DHM, LLC) and a Florida resident who serves as the manager of the two companies (David Howell). (Doc. #1 ¶¶ 1-3.) Miramar owned, but recently sold, a commercial office building in Brevard County, Florida. (Id. ¶ 9.) Porter owns and manages eleven buildings in Sarasota, Florida. (Id., Ex. 4.) Defendant is a Delaware limited liability company that has its

principal place of business in Dallas, Texas. (Id. ¶ 3.) Defendant engages in various types of real estate investments.

In March 2011, Defendant loaned $1.6 million to Miramar under a series of Loan Documents. Defendant also separately purchased a $400,000 preferred membership interest in Porter pursuant to an Amended and Restated Operating Agreement ("Porter Operating Agreement"). Under the Porter Operating Agreement, David Howell—individually, as manager, and as controlling member of Porter's only other equity owner—agreed that upon the sale of Miramar's property, he would use the proceeds from that sale to "immediately purchase 100% of [Defendant's] membership interest" in Porter for a specified purchase price. (Id., Ex. 4 § 14.) Similarly, in the Loan Agreement between Miramar and Defendant, David Howell agreed on behalf of Miramar that if Miramar sold its property, Miramar would use any excess proceeds to cause Porter "to redeem [Defendant's] preferred membership interest in [Porter] in accordance with the terms of the [Porter] Operating Agreement." (Id., Ex. 2, Loan Agreement § 8.5.) Miramar agreed to make all payments to Defendant at its office in Texas. (Id. § 2.3(c).)

Plaintiffs recently repudiated their express agreements by selling Miramar's property and then refusing to pay amounts due and owing to Defendant. Instead of fulfilling their contractual obligations, Plaintiffs filed this diversity action seeking declaratory and other relief. Plaintiffs essentially claim that Defendant's loan to Miramar and its purchase of a membership interest in Porter should be considered "as a single loan transaction" that obligates Plaintiffs to pay usurious charges. (Doc. # 1 ¶ 27.)

Defendant alleges in the instant Motion that Plaintiffs filed this action in the wrong court. Defendant asserts that as part of Defendant's loan to Miramar, David Howell executed an

Environmental Indemnity Agreement in both his individual capacity and on behalf of Miramar. That agreement specifically states that Howell and Miramar "irrevocably agree[] that any legal proceeding in respect of this Agreement and the other Loan Documents shall be brought in the district courts of Dallas County, Texas or the United States District Court for the North District of Texas, Dallas Division (the 'Specified Courts')." (Doc. # 1, Ex. 2, Indemnity Agreement § 9(f) (emphasis added).) Howell and Miramar also (a) agreed to submit to the jurisdiction of the Specified Courts, (b) waived any objections to venue in those courts, and (c) "irrevocably agree[d] to a transfer of all such proceedings to the Specified Courts." (Id.)

Pursuant to the mandatory forum selection clause contained in the Loan Documents, Defendant now moves this Court to transfer venue to the U.S. District Court for the Northern District of Texas, Dallas Division.

*Venue: 28 U.S.C. § 1404(a)*

Under 28 U.S.C. § 1404(a), a federal district court sitting in diversity may, "[f]or the convenience of the parties and witnesses, in the interest of justice, [ ] transfer any civil action to any other district or division where it might have been brought." The standard for transfer under section 1404(a) gives broad discretion to the trial court, which will be overturned only for abuse of discretion. See Brown v. Connecticut Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir.1991).

"The question of whether to transfer venue is a two-pronged inquiry; first, the alternative venue must be one in which the action could originally have been brought by the plaintiff, and the second prong requires courts to balance private and public factors to determine if transfer is justified." Mason v. Smithklein Beecham Clinical Laboratories, 146 F. Supp. 2d 1355, 1359

(S.D. Fla. 2001).  The factors to consider are (1) the convenience of the parties, (2) the convenience of the witnesses, (3) the relative ease of access to sources of proof, (4) the availability of service of process to compel the presence of unwilling witnesses, (5) the cost of obtaining the presence of witnesses, (6) the public interest, and (7) all other practical problems that make trial of the case easy, expeditious, and inexpensive.  Stateline Power Corp. v. Kremer, 404 F. Supp. 2d 1373 (S.D. Fla. 2005).

Furthermore, "the Eleventh Circuit has determined that a court should be somewhat restrictive in transferring actions, stating that '[t]he plaintiff's choice of forum should not be disturbed unless the movant can show that it is clearly outweighed by other considerations.'" Id. (citation omitted).  "In order to overcome the presumption in favor of plaintiff's choice of forum, the movant must show that the balance of convenience is 'strongly in favor' of the transfer." Id. (citation omitted). See Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (holding that plaintiff's choice of forum should not be disturbed unless it is "clearly outweighed" by other considerations); Oiler v. Ford Motor Co., No. 92-523-CIV-T-17A, 1994 WL 143017, at *2 (M.D. Fla. 1994) ("unless the balance of convenience and interest of justice strongly favor the defendant, the plaintiff's choice of forum will rarely be disturbed").

"Transfer can only be granted where the balance of convenience of the parties strongly favors the defendant." See Robinson, 74 F. 3d at 260.  Accordingly, "[o]n a motion to transfer venue of a case, the burden is on the defendant, when it is the moving party, to establish that there should be a change in forum." Mason, 146 F. Supp. 2d at 1359.  "Defendants moving for transfer of venue have a heightened burden as they must prove with particularity the inconvenience caused by the plaintiff's choice of forum." Id.

### *Forum Selection Clause*

If there is a conflict with a forum selection clause, or multiple forum selection clauses, the court must consider several factors to determine where venue should lie. Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech. Solutions, Inc., 2010 WL 3056600 (S.D. Fla. 2010) (stating where the forum selection clause permitted venue to take place in Georgia or Florida, the court must weigh numerous factors).

A selection clause is mandatory when "it dictates an exclusive forum for litigation under the contract." Snapper, Inc. v. Redan, 171 F.3d 1249, 1262 n.24 (11th Cir. 1999). Mandatory clauses contrast with and are given more weight than permissive clauses, such as those in which one agrees to "submit" to jurisdiction in a certain venue. Wai v. Rainbow Holdings, 315 F. Supp. 2d 1261, 1272 (S.D. Fla. 2004). Where a mutually agreed upon contract contains a mandatory forum-selection provision, "the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." Taylor, Bean & Whitaker Mortgage Corp. v. GMAC Mortg. Corp., 2006 U.S. Dist. LEXIS 39728, 2006 WL 4990903 at *3 n. 20 (M.D. Fla. June 15, 2006). A mandatory venue provision may be invalidated by other 1404(a) factors only when a plaintiff meets the heavy burden of showing that the clause is unreasonable--as, for example, when a plaintiff would be virtually denied an opportunity to litigate in the selected forum because of a special hardship. Matrix Z, LLC., 493 F. Supp. 2d at 1248. Financial hardship alone is insufficient to outweigh a mandatory forum-selection clause. P&S Machs, Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003).

Forum selection clauses are unreasonable only when: "(1) their formation was induced by fraud or overreaching; (2) the plaintiff would effectively be deprived of his or her day in court

because of the inconvenience or unfairness of the chosen forum; (3) the fundamental unfairness of the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of such provisions would contravene a strong public policy." Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1296 (11th Cir. 1998). For each category, the complaining party bears a heavy burden of demonstrating unreasonableness. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972).

"By enforcing the contractual forum, the Court is not attempting to limit the plaintiff's usual right to choose its forum, but is enforcing the forum that the plaintiff has already chosen." P&S Bus. Machs., Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003). In these types of cases, the courts accord no deference to the plaintiff's chosen forum because doing so "would only encourage parties to violate their contractual obligations, the integrity of which are vital to our judicial system." In re Ricoh, 870 F.2d at 573. It is therefore only in the most "exceptional situations" that a party will not be bound by the terms of a mandatory forum selection clause. P&S Bus., 331 F.3d at 808. Indeed, such clauses are "presumptively valid and enforceable" absent a "strong showing that enforcement would be unfair or unreasonable under the circumstances." Krenkel v. Kerzner Int'l Hotels, Ltd., 579 F.3d 1279, 1281 (11th Cir. 2009).

In this case, David Howell and Miramar agreed in the Loan Documents that any legal proceeding concerning the Loan Documents "shall be brought" in either the district courts of Dallas County, Texas or in the U.S. District Court for the Northern District of Texas, Dallas Division. (Dkt. 1, Ex. 2, Indemnity Agreement § 9(f).). Howell and Miramar agreed to file in one of the "Specified Courts," and "irrevocably agree[d] to a transfer of all such proceedings" to those courts.

Looking at the four factors set forth by the Eleventh Circuit regarding whether enforcement would be unreasonable, the Court recommends that Plaintiffs have not met the burden of demonstrating unreasonableness. Firstly, Plaintiffs have not raised any suggestion in their Complaint that the mandatory forum selection clause was the result of fraud or overreaching. Secondly, Plaintiffs would not be deprived of their day in court because of the inconvenience or unfairness of the chosen forum. Plaintiffs on several occasions expressly waived any objection that such venue is an inconvenient forum. (See, e.g., Dkt. 1, Ex. 2, Loan Agreement § 9.2.). Third, inasmuch as the parties have agreed that Texas law governs this dispute, it would not be "fundamentally unfair" for the case to be heard by a court in Texas. And fourth, enforcing the forum selection clause would not contravene a strong public policy. The present controversy is a commercial dispute between sophisticated parties who have set forth their rights and obligations in written contracts. It does not involve civil rights or other personal claims of Florida citizens, and Florida does not have any strong public policy over cases alleging usury violations involving interstate loans.

Plaintiffs' response asserts that venue is required in the Middle District of Florida pursuant to the forum selection clause in the Mortgage, which places venue in Brevard County, Florida, as this is the location of the Mortgaged Real Property that is being sold. But the Defendant points out in its Reply brief that the Mortgage has been satisfied, the Property sold to a third party, and the Parties to this dispute no longer have rights to or interest in the Property. Thus, the Court agrees with Defendant that the venue provision in the Mortgage is irrelevant to the Court in its consideration of whether this cause should be transferred. The Court recommends that this action arises primarily out of obligations set forth in the Loan Documents,

which contain the forum selection clause agreed to by the Parties to litigate these claims in Texas and therefore transfer to the United States District Court for the Northern District of Texas, Dallas Division is proper.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

Defendant's Motion to Transfer Venue under Forum Selection Clause and Incorporated Memorandum of Law (Doc. # 8) be **GRANTED** and this matter should be transferred to the United States District Court for the Northern District of Texas, Dallas Division.

**DONE AND ORDERED** at Fort Myers, Florida, this ___11th___ day of April, 2012.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record